UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERMAINE ROUSSELL et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5682** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment.[1] After considering the motion, the memorandum in support,[2] the memorandum in opposition,[3] the reply,[4] the record, and the applicable law, the Court will grant the motion.

### I. Background

*A. Factual Background*

This case concerns an insurance dispute over the damage caused by Hurricane Isaac to Plaintiff J.R. Home Investment Services, Inc.'s ("J.R. Home") property in New Orleans, Louisiana. On or about August 29, 2012, J.R. Home's property was damaged when Hurricane Isaac passed through the New Orleans area.[5] The property was covered by a Standard Flood Insurance Policy (the "SFIP") issued by Allstate pursuant to the National Flood Insurance Program.[6] Article VII(J)(4) of the SFIP sets forth requirements for the receipt of benefits under the SFIP, including that the insured

---

[1] Rec. Doc. 28.

[2] Rec. Doc. 28-1.

[3] Rec. Doc. 30.

[4] Rec. Doc. 33.

[5] Rec. Doc. 1 at ¶ 8.

[6] *Id.* at ¶ 7.

submit a signed, sworn Proof of Loss to the insurer for the amount of benefits claimed as a condition precedent to filing suit.[7]

On September 30, 2013, J.R. Home submitted, per the SFIP requirement, a Proof of Loss in the amount of $51,279.86 and a signed and sworn Building Replacement Proof of Loss in the amount of $2,447.48.[8] Upon receipt of J.R. Home's documents, Allstate paid J.R. Home the $53,727.34 due pursuant to those claims.[9] Shortly thereafter, J.R. Home enlisted Michaelson & Messigner, a public adjuster, to assist in the handling of the insurance claim with Allstate.[10] Michaelson & Messigner forwarded a supplemental estimate of damages to Allstate on December 6, 2012.[11] It is disputed whether an itemized estimate prepared by J.R. Home's public adjuster and submitted to Allstate can serve as a Proof of Loss regarding the supplemental damages.[12] Nonetheless, both parties agree that the new Proof of Loss document that was submitted, was signed by J.R. Home's representative and dated December 12, 2012, but otherwise left blank.[13]

On May 23, 2013, Allstate denied coverage for the supplemental claim J.R. Home submitted.[14] In the letter to Michaelson & Messigner, Allstate stated that "[w]e have considered the facts and information and have reviewed the terms of your policy. Based on this information, we

---

[7] 44 C.F.R. Pt. 61, App. A(1).

[8] Rec. Doc. 30 at 3.

[9] *Id.*

[10] *Id.*

[11] Rec. Doc. 28-8.

[12] Rec. Doc. 33 at 2.

[13] Rec. Doc. 28-9; *see generally* Rec. Doc. 30.

[14] Rec. Doc. 30 at 3.

2

must respectfully deny additional coverage for the dwelling loss you are claiming. Our adjuster has determined that there was no additional damage due to flood."[15]

On December 12, 2012, co-plaintiff Jermaine Roussell, the owner of J.R. Home, was dismissed from the case.[16] On June 3, 2013, J.R. Home filed an appeal with the Federal Emergency Management Agency ("FEMA"), as is required before bringing suit pursuant to a claim covered by the National Flood Insurance Program.[17] After not receiving a response from FEMA within the 60 day statutory period, J.R. Home, as is its right, filed suit in federal court on August 29, 2013.[18]

## *B. Procedural Background*

Allstate filed a motion for summary judgment on May 13, 2014.[19] On May 20, 2014, J.R. Home filed a memorandum in opposition to Allstate's motion.[20] With leave of court, Allstate filed a reply memorandum on May 28, 2014.[21]

## II. Parties' Arguments

### *A. Defendant's Motion for Summary Judgment*

In its Motion for Summary Judgement, Allstate states that, "per ten (10) binding Fifth Circuit precedents, no further benefits are payable to [P]laintiff under the SFIP" because Plaintiff failed to comply with the statutory regulations of filing a supplemental Proof of Loss at the time of filing a

---

[15] *Id.* at 3–4.

[16] Rec. Doc. 20 at ¶ 3.

[17] Rec. Doc. 30 at 4.

[18] Rec. Doc. 1.

[19] Rec. Doc. 28.

[20] Rec. Doc. 30.

[21] Rec. Doc. 33.

3

claim for supplemental damages.[22] Allstate argues that "[g]iven this procedural failure, J.R. Home . . . did not meet all the conditions precedent prior to filing suit" because "[t]he only Proofs of Loss provided prior to filing suit were the Proofs of Loss in the amounts of $51,279.86 and $2,447.48 for which J.R. Homes . . . has already been paid."[23] "Thus," Allstate contends that, "Plaintiff's failure to send Allstate a signed, sworn Proof of Loss for the amount of damages it is seeking within sixty (60) days of the date of loss bars its claim."[24]

Even if Allstate were inclined to waive the requirements under Article VII(J)(4) of the SFIP, Allstate claims that it could not do so. Allstate notes that "[a]ll flood loss claims presented under the SFIP are paid directly with U.S. Treasury funds."[25] As such, "strict adherence to the conditions precedent for payment of a claim is required."[26] Allstate maintains that it "may not alter, amend, or waive any provision or condition of the SFIP," as "[t]he sole authority to waive any provisions of the SFIP is vested in the Federal Insurance Administrator and any waiver must be expressed and in writing."[27] Allstate further contends that "[t]o make payments not in strict compliance with the SFIP would be contrary to Congress' mandate and would violate the Appropriations Clause of the Constitution."[28]

---

[22] Rec. Doc. 28-1 at 2.

[23] *Id.* at 3 (internal citations omitted).

[24] *Id.* at 7.

[25] *Id.* at 9.

[26] *Id.* at 10 (citing *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 314, 1317–18 (11th Cir. 2003) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998)).

[27] *Id.* (citing 44 C.F.R. Pt. 61, App. A(2), Art. VII(D); and 44 C.F.R. §61.13(d)).

[28] *Id.* (citing *Sanz,* 328 F.3d at 1317–18; *Gowland*, 143 F.3d at 955; and *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 391 (9th Cir. 2000)).

Allstate asserts that it has timely paid all amounts for which J.R. Home has properly filed documentation, including Proofs of Loss.[29] According to Allstate, J.R. Home "was required to submit a timely signed and sworn Proof of Loss . . . to Allstate in support of the additional amounts it sought."[30] Under Fifth Circuit precedent, J.R. Home's failure to do so, Allstate argues, bars its claim for recovery of additional benefits under the SFIP.[31] Allstate quotes the unpublished Fifth Circuit decision of *Richardson v. American Bankers*,[32] wherein the Fifth Circuit stated that "The regulations say that a [National Flood Insurance Program] participant cannot file a lawsuit seeking further benefits under the SFIP unless the participant can show prior compliance with all of the policy's requirements, including the Proof of Loss."[33]

Allstate contends that strict adherence to the requirement is important because requiring insured claimants to swear under penalty of perjury concerning the truthfulness of the information they provide will "ensure that plaintiff[s] ha[ve] carefully considered the information submitted to the government."[34] According to Allstate, "[t]he SFIP clearly mandates the filing of a 'signed and sworn' detailed proof-of-loss" and requires the insured to "use its own judgment concerning the

---

[29] *Id.* at 11.

[30] *Id.*

[31] *Id.*

[32] 279 Fed. App'x 295 (5th Cir. 2008).

[33] Rec. Doc. 28-1 at 12 (quoting 279 Fed. App'x at 298).

[34] *Id.* at 13 (quoting *Bullard v. Connor*, 716 F.Supp 1081, 1087 (N.D. Ill. 1989)).

5

amount of loss and justify that amount."[35] Thus, Allstate concludes that J.R. Home's "signing of a blank Proof of Loss form demonstrates that plaintiff did not comply with the SFIP requirements."[36]

## B. Plaintiff's Opposition

In J.R. Home's opposition to Allstate's Motion for Summary Judgment, J.R. Home asserts that "the evidence suggests that [J.R. Home owner] Jermaine Roussell submitted an adequate proof of loss that complies with the terms of the flood policy."[37] Moreover, J.R. Home argues that, "[a]t a minimum, a fact issue exists on that point."[38] J.R. Home argues that "an itemized estimate prepared by [its] public adjuster" and submitted to Allstate served as a supplemental proof of loss.[39] J.R. Home contends that, "at a minimum, a fact issue exists" on whether the itemized estimate was a supplemental proof of loss.[40] J.R. Home claims that "courts have found a proof of loss adequate if the record before the agency gives sufficient information to enable it to meaningfully evaluate the claim," and cites to the Eastern District of Louisiana case of *Copeland v. FEMA*.[41]

Moreover, J.R. Home argues that denying the claim on "such a technical defense" would "frustrate rather than further the purpose underlying the [National Flood Insurance Program]."[42] According to J.R. Home, "[t]he purpose of the National Flood Insurance Program is to offer a means

---

[35] *Id.* (citing 44 C.F.R. §61, App. A(1) Art. VII(J)(4); *Decosta v. Allstate Ins. Co.*, 730 F.3d 76, 85 (1st Cit. 2013)).

[36] *Id.* (internal citations omitted).

[37] Rec. Doc. 30 at 5.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* (citing *Copeland v. FEMA*, 2004 WL 325577, *2–3 (E.D. La. Feb. 18, 2004)).

[42] *Id.* at 6.

of compensation to the victims of flood disasters for damage to their homes."[43] Thus, J.R. Home asserts that the aim of the proof of loss requirement is to allow the claims of flood victims to be analyzed and verified.[44] As such, "the 'proof of loss', properly construed," J.R. Home argues, "does not consist of a single form, but constitutes . . . all forms, estimates, and other documentation that . . . can [be] use[d] to evaluate the claim."[45] In this case, according to J.R. Home, "Allstate had more than adequate information to evaluate [J.R. Home's] claim, including a sworn proof of loss and itemized estimate of damage."[46]

J.R. Home also maintains that there is a disputed question of fact as to whether it submitted the blank, but signed Proof of Loss form to Allstate before the deadline for doing so had elapsed.[47] J.R. Home explains that "the proof of loss is blank," as "the amounts . . . [still] needed to be determined."[48] Citing an out-of-circuit district court case, J.R. Home argues that this uncertainty excused it from filing a complete Proof of Loss.

Finally, J.R. Home argues that the Fifth Circuit cases cited by Allstate are distinguishable because here J.R. Home "timely submitted a sworn proof of loss form" and supplemented that Proof of Loss with documentation showing additional damages.[49] In support, J.R. Home cites *Courteaux*

---

[43] *Id.* at 7 (citing 42 U.S.C. §4001(a)(1),(3) (2012)).

[44] *Id.*

[45] *Id.*

[46] *Id.* at 8.

[47] *Id.* at 7.

[48] *Id.*

[49] *Id.* at 9.

*v. Federal Emergency Management Agency*,[50] an Eastern District of Louisiana case in which Judge Barbier denied FEMA's motion for summary judgment, where, as here, the defendant originally filed a complete proof of loss and then later submitted a claim for supplemental damages. According to J.R. Homes, the court denied FEMA's motion for summary judgment because the plaintiff had "submitted adequate information for FEMA to evaluate the merits of her claims, and therefore, summary judgment [was] inappropriate in this case."[51]

## *C. Defendant's Reply*

In its reply, Allstate asserts that, "[i]t is undisputed that Plaintiff failed to submit to Allstate a signed and sworn Proof of Loss for any amount above what has already been paid."[52] While, according to Allstate, J.R. Home argues that it "substantially complied" with the proof of loss requirement by submitting relevant document, Allstate maintains that "the documentation requirement and the Proof of Loss requirement are two (2) separate and distinct requirements."[53] Thus, according to Allstate, "[s]atisfaction of one requirement does not satisfy the other requirement."[54] Allstate notes that its so-called "technical defense" is one "that binding U.S. Fifth Circuit Authority has numerous times" upheld because "all of the SFIP's requirements must be strictly construed, including the Proof of Loss requirement."[55] Allstate cites multiple Fifth Circuit

---

[50] 2014 WL 273146 (E.D.La. 1/24/14) (Barbier, J.).

[51] *Id.* (quoting 2014 WL 273146, at *2).

[52] Rec. Doc. 33 at 3.

[53] *Id.*

[54] *Id.*

[55] *Id.*

cases, both published and unpublished, for this argument.[56] Citing specifically to the unpublished cases of *Kidd v State Farm Fire & Casualty Co.* and *Richardson v. American Bankers Insurance Co.*, Allstate states that "the insured cannot sue for additional damages under the SFIP without having first submitted a sworn proof of loss for the damage amount in excess of the adjuster's calculation."[57] Moreover, Allstate quotes from *Gowland*, wherein the Fifth Circuit stated, "[A]s the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a **complete, sworn** proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[58]

Allstate also reiterates its argument that the requirement of submitting a sworn proof of loss must be strictly enforced in order to deter frivolous and/or fraudulent claims.[59] Allstate notes that J.R. Home did not swear to the supplemental information it submitted to Allstate and that "in another case involving a similar factual scenario" heard in the Eastern District of Louisiana, the defendant's motion for summary judgment was granted.[60]

---

[56] *Id.* at 3–4 (citing *Collins v. National Flood Ins. Program*, 394 Fed. App'x 177, 180 (5th Cir. 2010); *Kidd v. State Farm Fire & Cas. Co.*, 392 Fed. App'x 241, 244–45 (5th Cir. 2010); *Norman v. Fidelity Nat'l Ins. Co.*, 354 Fed. App'x 934, 937 (5th Cir. 2009); *Wientjes v. Am. Bankers Ins. Co. of Florida*, 339 Fed. App'x 483, 485–86 (5th Cir. 2009); *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008); *Richardson*, 279 Fed. App'x at 298–99; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387–88 (5th Cir. 2005); *4-Mali L.L.C. v.Bankers Ins. Co.*, 82 Fed. App'x 970, 970 (5th Cir. 2003); *Gowland*, 143 F.3d at 953–54; *Forman v. Federal Emergency Management Agency*, 138 F.3d 543. 545 (5th Cir. 1998).

[57] *Id.* at 4.

[58] *Id.* (quoting *Gowland*, 143 F.3d at 954 (emphasis added)).

[59] *Id.* at 5.

[60] *Id.* (citing *St. Ann Protector v. Fidelity Nat'l Ins. Co.*, 2009 WL 3062484, *3 (E.D.La. September 21, 2009)).

Finally, Allstate concludes by asserting that only one of the cases cited by Defendant, *Copeland v. FEMA*, addressed the question at issue in this case of whether "substantial compliance" with the requirements of the SFIP is sufficient for an insured to recover on a claim.[61] Allstate notes that *Copeland* predated several important Fifth Circuit cases that held that an insured must strictly comply with all statutory requirements in order to receive a payout.[62] Allstate also points out that J.R. Home has not created a genuine issue of fact regarding whether the blank but signed proof of loss was timely submitted because (1) J.R. Homes has put forth no evidence for this claim, and (2) an incomplete proof of loss form, in any event, does not satisfy the proof of loss requirement.[63]

## III. Law and Analysis

### A. Standard on Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[64] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[65] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[66] If the record, as

---

[61] *Id.* at 6.

[62] *Id.*

[63] *Id.* at 7–8.

[64] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[65] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[66] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[67]

## B. Requirements for Benefits Under the National Flood Insurance Program

The requirements for an insured to recover for flood loss under the National Flood Insurance Program are strictly enforced.[68] "A [National Flood Insurance Program] participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements."[69] Among other requirements, the insured must provide a signed and sworn Proof of Loss within 60 days after the loss, "or within any extension authorized by FEMA."[70] Under Fifth Circuit precedent, the failure to submit a complete, sworn proof of loss is fatal to a plaintiff's claim for flood damage.[71] As the Fifth Circuit noted in *Gowland*, "The provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced . . . [A]n insured's failure to provide a *complete, sworn* proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[72]

## C. Whether J.R. Home Has Complied with the Statutory Requirements for Benefits

In the case of those, such as J.R. Home, who were affected by Hurricane Isaac, FEMA extended the time period in which an insured could file a Proof of Loss from 60 days to 240 days.[73]

---

[67] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[68] *Marseilles*, 542 F.3d at 1053; *Wright*, 415 F.3d at 387–88; *Gowland*,143 F.3d at 954; *Forman*, 138 F.3d at 545–46.

[69] *Richardson*, 279 F. App'x at 298 (citing 44 C.F.R. pt. 61, app. A(1) art. VII)).

[70] *Forman*, 138 F.3d at 545.

[71] *Marseilles*, 542 F.3d at 1053.

[72] *Gowland*, 143 F.3d at 954 (emphasis added).

[73] Rec. Doc. 28-1 at 8.

This extension meant that J.R. Home had until April 28, 2013 to submit its completed proof of loss. Allstate claims—and JR. Home does not contest—that J.R. Home never submitted a *complete*, sworn Proof of Loss for its supplemental claim.

While J.R. Home argues that by furnishing Allstate with an itemized estimate for its supplemental claim, it fulfilled the statutory requirements for claiming a benefit under the SFIP, the Fifth Circuit has decided that the submission of such documentation cannot substitute for the submission of a sworn, complete Proof of Loss. In *Richardson v. American Bankers Insurance Co.*, the plaintiff submitted invoices and estimates to its insurer but did not file a sworn, complete proof of loss.[74] The Fifth Circuit held that submission of such documentation could not substitute for submission of a sworn proof of loss.[75] While *Richardson*, as unpublished, is not precedent, the Fifth Circuit in the published case of *Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co.*, noted that *Richardson*, "simply applies controlling precedent in a manner consistent with prior precedent."[76] As such, the Fifth Circuit in *Marseilles* "follow[ed] the persuasive analysis in *Richardson*," and affirmed the district court's granting of summary judgment because, as in *Richardson* and as here, the insured had submitted information regarding a supplemental claim but did not timely file a sworn, complete Proof of Loss.[77]

Accordingly, the itemized estimate and/or any like documentation related to J.R. Home's supplemental claim could not have fulfilled the Proof of Loss requirement because, pursuant to *Marseilles*, the submission of such information cannot substitute for the submission of a sworn Proof

---

[74] *Richardson*, 279 F. App'x at 298.

[75] *Id.*

[76] *Marseilles*, 542 F.3d at 1056.

[77] *Id.* at 1055–56.

of Loss. Thus, the Court finds that the supplemental documentation furnished on behalf of J.R. Home is insufficient to satisfy the proof of loss requirement.

Moreover, the supplemental Proof of Loss form that J.R. Home alleges it submitted on time is also insufficient to meet the statutory requirement to recover as a claimant under the SFIP even assuming it was submitted timely. The Fifth Circuit held in the published case of *Gowland*—a holding reaffirmed in *Marseilles*—that a claimant must file a proof of loss that is (1) sworn and (2) complete.[78] While J.R. Home alleges it timely submitted a signed and dated Proof of Loss, nothing else on the form was filled out, including the policy number, the policy term, the amount of coverage at the time of loss, when the loss occurred, and the amount of the loss.[79] J.R. Home left blank on its supplemental Proof of Loss form information that it appears it could have filled out, as shown by the fact that it gave this information in its initial Proof of Loss.[80] The supplemental Proof of Loss that J.R. Home alleges it timely filed did not meet the SFIP requirement for a Proof of Loss because the form was not complete, as required under Fifth Circuit precedent. Thus, because the incomplete Proof of Loss statement could not satisfy the Proof of Loss requirement for receipt of benefits, it is immaterial whether J.R. Home timely submitted the form; accordingly, there is no material issue of fact regarding this issue in dispute that precludes the Court from granting summary judgment. As such, entry of summary judgment in favor of Allstate is proper at this time.

---

[78] *Gowland*, 143 F.3d at 954.

[79] Rec. Doc. 28-9.

[80] Rec. Doc. 28-4.

## IV. Conclusion

For the foregoing reasons, the Court finds that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Allstate's Motion for Summary Judgment[81] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 17th day of June, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[81] Rec. Doc. 28.